# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD MILES, | CIVIL NO: 3:20-CV-00238 |
| Plaintiff | |
| v. | |
| | (Chief Magistrate Judge Schwab) |
| CHRIS OSBORNE, *et al.*, | |
| Defendants | |

## ORDER
April 6, 2020

## I. Introduction.

The plaintiff, Donald Miles ("Miles"), proceeding *pro se*, complains about an arrest that occurred in Lackawanna County, Pennsylvania based on a conspiracy charge against him. He asserts constitutional claims, a conspiracy claim, and an 18 U.S.C. § 1584 claim against the defendants. After screening Miles's complaint in accordance with 28 U.S.C. § 1915A, we conclude that the complaint fails to state a claim upon which relief may be granted. We will, however, grant Miles leave to file an amended complaint.

## II. Background.

On February 11, 2020, Miles filed the complaint *pro se* and a motion to proceed *in forma pauperis*. We granted Miles's application to proceed *in forma pauperis*. In his complaint, Miles names as defendants: (1) Chris Osborne ("Osborne"), an Assistant District Attorney in Lackawanna County; (2) Brian Gallagher ("Gallagher"), an Assistant District Attorney in Lackawanna County; and (3) Jeffrey A. Smith ("Smith"), a Judge in Lackawanna County.

Miles's complaint is vague and unclear. Miles alleges the three defendants forced him to appear in the Lackawanna County Courthouse on or about February 6, 2020, to "answer to the accusation 'William A. Jordan ("Mr. Jordan") and Donald Miles conspired to deliver a controlled substance to Donald Miles on December 13, 2017.'" *Doc*. 1 at 1. According to Miles, the conspiracy charge brought against him lacks probable cause, and the seizure of him to appear in court amounted to an excessive use of force, an unreasonable seizure, and an unlawful restraint.

Miles alleges that a police criminal complaint with an affidavit showing probable cause was not filed, and no initial booking (i.e. no fingerprinting) was done. He also alleges that neither a preliminary arraignment nor a preliminary hearing was completed. He further alleges there was no bail opportunity provided to him.

Miles claims Smith, Osborne, and Gallagher acted in concert and agreed with one another to seize him for the conspiracy charge against him. He claims Smith, Osborne, and Gallagher had knowledge that there was no probable cause for the conspiracy charge, and, therefore, according to Miles, they are using excessive force and unlawful restraint in violation of his Fourth Amendment rights, they are violating his Thirteenth Amendment right to be free from involuntary servitude and unlawful restraint, and they are abusing their power of office.

Miles further claims Smith, Osborne, and Gallagher induced and ordered the sheriffs of Lackawanna County to commit the unlawful restraint and seizure claimed in this complaint. He alleges the sheriffs (who are not parties in this case) acted on their own will and carried out the order by Smith, Osborne, and Gallagher. He also claims Smith, Osborne, and Gallagher intended to violate and deprive him of his rights, and intended to use false evidence, false testimony, and perjured evidence at trial to convict him. Miles also claims Smith, Osborne, and Gallagher planned to use the testimony of two detectives, Harold Zech and John Munley, to convict him.

Miles alleges that Smith, Osborne, and Gallagher knew he was being illegally detained for the past two years in Lackawanna County Prison because he was in contact with them. He allegedly sent a letter to Smith on January 7, 2020, discussing this illegal detention on the conspiracy claim against him. *Doc.* 1 at 12-

13 (plaintiff's Exhibit I).  He also allegedly sent a letter to Judge Moyle, on July 30, 2019, and she forwarded the letter to Osborne and another attorney not a party in this complaint. *Doc.* 1 at 11 (plaintiff's Exhibit W).

Miles alleges that the restraint and unreasonable seizure he is enduring exposes him to risk of serious bodily injury, and he cannot escape this physical abuse, forced labor, and pain and suffering.  Miles lists the following counts in his complaint: (1) violation of 18 U.S.C. § 1584; (2) unreasonable seizure; (3) excessive force; (4) violation of the Thirteenth Amendment; (5) violation of the Fourteenth Amendment; (6) unlawful restraint; and (7) conspiracy.

Miles seeks compensatory damages, punitive damages, immediate release from illegal detention, and any other relief the court deems appropriate and just. He also seeks a jury trial and prosecution of Smith, Osborne, and Gallagher.

**III.  Screening of *In Forma Pauperis* Complaints-Standard of Review.**

This court has a statutory obligation to conduct a preliminary review of complaints brought by prisoners given leave to proceed *in forma pauperis* in cases that seek redress against government officials.  Specifically, the court must review the complaint in accordance with 28 U.S.C. § 1915A, which provides, in pertinent part:

> **(a) Screening.** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal.** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint
>     **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A(b)(1), the court must assess whether a complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When determining whether a complaint states a claim upon which relief can be granted, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint states a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen.*

*Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**IV. Miles cannot seek release from custody in this civil-rights action.**

Miles is seeking release from custody and dismissal of his criminal charges, but he cannot seek such relief in this action.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). When a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. "Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction" a civil rights action is appropriate. *Learner v. Fauver,* 288 F.3d 532, 542 (3d Cir. 2002).

To the extent that Miles is seeking release from prison, he cannot seek such relief in this civil-rights action. Rather, he can seek such relief only in a habeas corpus action, which generally is appropriate only after a petitioner has exhausted his state remedies.

**V. Discussion.**

We construe Miles's complaint as bringing claims under 42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under § 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

> **A. The complaint fails to state a Fourth Amendment, a Thirteenth Amendment, or a Fourteenth Amendment claim upon which relief may be granted against Smith, Osborne, and Gallagher.**

Miles claims Smith, Osborne, and Gallagher violated his Fourth, Thirteenth, and Fourteenth Amendment rights. Miles fails, however, to provide any specific facts indicating a violation of any of the amendments. Miles talks repeatedly throughout his complaint about the conspiracy charge against him and how there was no probable cause for the charge, but he fails to provide any facts to support his assertion. The complaint is mostly legal conclusions as to these claims.

9

Miles also fails to clearly allege how each defendant was personally involved. Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). And so, a constitutional deprivation cannot be premised merely on the fact that the defendant was a supervisor when the incidents set forth in the complaint occurred. *See Alexander v. Forr*, 297 F. App'x 102, 104–05 (3d Cir. 2008). Rather, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Miles has failed to show how each of the defendants, through their own individual actions, violated the Constitution. He does not state any specific facts as to how Smith, Osborne, or Gallagher were personally involved in the action. Therefore, Miles fails to state a Fourth, Thirteenth, or Fourteenth Amendment claim upon which relief may be granted.[1]

---

[1] The defendants in this case may be entitled to judicial or prosecutorial immunity depending on what claims, if any, may be alleged against them in the amended complaint. "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978)). Two exceptions are that the judge is performing

## B. The complaint fails to state a conspiracy claim upon which relief may be granted against Smith, Osborne, and Gallagher.

Miles claims that all three defendants conspired against him, but he fails to state facts as to this claim. "The essence of a conspiracy is an agreement." *United States v. Kelly,* 892 F.2d 255, 258 (3d Cir. 1989). "To demonstrate the existence of a conspiracy under § 1983, 'a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law.'" *LeBlanc v. Stedman*, 483 F. App'x 666, 670 (3d Cir. 2012) (quoting *Parkway Garage, Inc. v. City of Phila.,* 5 F.3d 685, 700 (3d Cir.1993), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington,* 316 F.3d 392 (3d Cir. 2003)). "It is not enough that the end result of the parties' independent conduct caused the plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." *Perez v. Gamez*, 1:13-CV-1552, 2013 WL 6073877, at *9 (M.D. Pa. Nov. 18, 2013). Rather, the plaintiff must show that the defendants acted in concert with the specific intent to violate the plaintiff's rights. *Davis v. Fox*, 3:12-CV-1660, 2013 WL 5656125, at * 5 (M.D. Pa. Oct. 15, 2013).

---

nonjudicial acts or is performing judicial acts in a complete absence of all jurisdiction. *Id*. And under the functional approach used to determine immunity, "a prosecutor enjoys absolute immunity for actions performed in a judicial or 'quasi-judicial' capacity." *Odd v. Malone,* 538 F.3d 202, 208 (3d Cir. 2008).

11

Because direct evidence of a conspiracy is rarely available, the existence of a conspiracy may be inferred from the circumstances. *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009). Still, to state a conspiracy claim upon which relief can be granted, a plaintiff must allege "facts from which a conspiratorial agreement can be inferred." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 178 (3d Cir. 2010). "To properly plead such an agreement, 'a bare assertion of conspiracy will not suffice.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Here, Miles does not allege facts showing that Smith, Osborne, and Gallagher reached an agreement to deprive him of his constitutional right, or that they acted with specific intent to violate his rights. In sum, Miles makes a bare assertion that there was a conspiracy, although he does not allege facts from which a conspiracy can be inferred. Therefore, Miles fails to state a conspiracy claim upon which relief may be granted.

### C. The complaint fails to state an 18 U.S.C. § 1584 claim upon which relief may be granted against Smith, Osborne, and Gallagher.

Miles claims that all three defendants violated 18 U.S.C. § 1584, but he fails to state any facts as to this claim. The statute states:

> Whoever knowingly and willfully holds to involuntary servitude or sells into any condition of involuntary servitude, any other person for any term, or brings within the United States any person so held, shall

be fined under this title or imprisoned not more than 20 years, or both. If death results from the violation of this section, or if the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both.

Here, Miles does not state facts showing Smith, Osborne, or Gallagher knowingly or willfully held him to involuntary servitude or sold him into any condition of involuntary servitude. Rather, Miles merely concludes that the three defendants violated the statute. Therefore, Miles fails to state an 18 U.S.C. § 1584 claim upon which relief may be granted.

**VI. Leave to Amend.**

Before dismissing a complaint under the screening provision of 28 U.S.C.§ 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Here, in light of the liberal-amendment standard, although this screening analysis calls for dismissal of the complaint, Miles should be granted another opportunity to comply with the requirements of Fed.R.Civ.P. 8 and attempt to state a claim upon which relief can granted. Thus, we will grant Miles leave to file an amended complaint.

**VII. Conclusion and Order.**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Miles is granted leave to file, within 28 days of the date of this Order, an amended complaint to attempt to state a claim upon which relief may be granted.[2]

 

 

**S/ Susan E. Schwab**
Susan E. Schwab
United States Magistrate Judge

---

[2] Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Any amended complaint must be complete in all respects; it must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Any amended complaint will completely replace the original complaint. If an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure.