UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD MILES, | : | **3:20-CV-00238** |
| Plaintiff | : | (Judge Mariani) |
| v. | : | (Magistrate Judge Schwab) |
| CHRIS OSBORNE, *et al.*, | : | |
| Defendants | : | |

**ORDER**
April 29, 2021

By an Order dated April 6, 2020, after screening the complaint and concluding that it fails to state a claim upon which relief can be granted, we granted Miles leave to file an amended complaint. *Doc. 7*. Rather than file an amended complaint, Miles filed a document titled "Plaintiff's Brief and Objection to Chief Magistrate Judge Schwab Report and Recommendation and/or Order of 4/6/20." *Doc. 8*. A few days later, Miles filed a motion to withdraw that document. *See docs. 9, 12*.[1] And he filed a document titled "Plaintiff's Brief and Objection to Chief Magistrate Judge Schwab's Order of 4/6/20." *Doc. 10*.

It appeared that Miles wanted to appeal the Order of April 6, 2020, to the district judge. Local Rule 72.2, which governs appeals from non-dispositive orders, such as the Order of April 6, 2020, provides:

---

[1] Documents 9 and 12 are exact copies of each other.

> Any party may appeal from a magistrate judge's order determining a non-dispositive pretrial motion or matter in any civil or criminal case in which the magistrate judge is not the presiding judge of the case, within fourteen (14) days after issuance of the magistrate judges order, unless a different time is prescribed by the magistrate judge or a judge. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, a written statement of appeal which shall specifically designate the order, or part thereof, appealed from and the basis for any objection thereto. At the time the appeal is filed, the appellant shall also file a brief addressed to the issue raised by the objection to the order or part appealed from. Any party opposing the appeal shall file a responsive brief within fourteen (14) days after service of the appellant's brief. A brief in reply may be filed within seven (7) days after service of the opposing party's brief. A judge of the court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. The judge may also reconsider *sua sponte* any matter determined by a magistrate judge under this rule.

M.D. Pa. L.R. 72.2.

In accordance with our understanding of Miles's filings, we granted Miles's motion (*doc. 9*) to withdraw Document 8. Further, because it appeared that Miles wanted to appeal the Order of April 6, 2020, to the district judge, we ordered the Clerk of Court to docket Document 9 as an appeal of the Order of April 6, 2020 pursuant to M.D. Pa. L.R. 72.2. Document 10 is Miles's brief in support of that appeal. And Miles later filed a letter to the court that was docketed as a supplement to Miles's brief. *See doc. 13*.

As a magistrate judge, the undersigned cannot rule on Miles's appeal to the district court judge of my order. But given that in his brief in support of his appeal

and in his supplement to that brief, Miles raises new issues and clarifies some of the issues that he is raising, and in order to move the case along, we will again grant Miles leave to file an amended complaint.

Based on the foregoing, **IT IS ORDERED** that Miles may file an amended complaint within 28 days of the date of this Order.[2]

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

---

[2] Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Fed. R. Civ. P. 10(a). "The plaintiff is advised that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id*. "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id*. In other words, if an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)–(3). Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*.