THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONALD MILES,

        **Plaintiff**

v.

CHRIS OSBORNE, et al.,

        **Defendants**

: 3:20-CV-238
: **(JUDGE MARIANI)**

FILED
SCRANTON
APR 01 2022
PER _____
DEPUTY CLERK

## ORDER

AND NOW, THIS ____ DAY OF APRIL, 2022, upon *de novo* review of Magistrate Judge Schwab's Report & Recommendation ("R&R") (Doc. 41), Plaintiff's Objections thereto (Doc. 42), and all other relevant documents, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Objections (Doc. 42) are **OVERRULED**.[1]

---

[1] Upon review of the Complaint and Plaintiff's Objections, the Court agrees with Magistrate Judge Schwab that Plaintiff has failed to state a claim upon which relief can be granted. In particular, the factual basis for Plaintiff's claims is unclear, and often unintelligible, including what actions he believes each Defendant took to violate his constitutional rights. Although Plaintiff repeatedly states that the defendants "forced" him to make statements, he points only to the Amended Informations in criminal action *Commonwealth v. Jordan*, CP-35-CR-0000077-2018 (Lackawanna Cnty.) (Doc. 21, Ex. A, B) and the Amended Information in *Commonwealth v. Miles*, CP-35-CR-0000078-2018 (Lackawanna Cnty.) (Doc. 21, Ex. C) as the content of these statements. As noted by the Magistrate Judge, to the extent that these Amended Informations contained statements regarding Miles, the Informations are merely charging documents (*see* Doc. 41, at 12). The fact that the Informations state that Jordan delivered cocaine to Miles (*see Commonwealth v. Jordan*, CP-35-CR-0000077-2018 (Lackawanna Cnty.) (Doc. 21, Ex. A, B)) and that Miles delivered cocaine to another individual and was found to be in possession of cocaine (*see Commonwealth v. Miles*, CP-35-CR-0000078-2018 (Lackawanna Cnty.) (Doc. 21, Ex. C)), does not, as Miles seemingly suggests, attribute any statement to Miles or admission by him as to his alleged criminal activity or the alleged criminal activity of Jordan. Nor do the Amended Informations, and references to Miles therein, form the basis for a claim that Miles is being "compelled" to "state [Defendants'] statement" set forth in the Amended Indictment against Jordan as claimed by Plaintiff (*see e.g.*, Doc. 42, at 3).

2. The R&R (Doc. 41) is **ADOPTED** for the reasons set forth therein.

3. The Motion to Dismiss Plaintiff's Amended Complaint, filed by Defendants Chris Osborne, Andrew Krowiak, Brian Gallagher, Harold Zech, and John Munley (Doc. 31), is **GRANTED**.

4. The Motion to Dismiss Plaintiff's Complaint, filed by Defendants Michael Barrasse and Jeffrey Smith (Doc. 35), is **GRANTED**.

5. Plaintiff's Amended Complaint (Doc. 21) is **DISMISSED without leave to amend**.

Robert D. Mariani
United States District Judge

---

Further, to the extent that Plaintiff claims that the "statements" at issue consist of something other than the allegations set forth in the Amended Informations, he does not state what these statements were or in what way one or more Defendants "compelled" or "forced" him to make the statements.

The Court additionally agrees with the Magistrate Judge's determination that Defendants Michael Barrasse and Jeffrey Smith are protected by judicial immunity and that Defendants Chris Osborne, Andrew Krowiak, Brian Gallagher are protected by prosecutorial immunity. Plaintiff's Objections accuse the judicial and prosecutor defendants of "making up a witness and making up a statement and attaching this witness and statement to the person of Plaintiff and compelling the Plaintiff to state the Defendants statement" and argue that these actions are not entitled to immunity (Doc. 42, ¶¶ 21, 22, 25). Plaintiff has set forth no factual allegations to support a claim that a witness was "made up" and, as set forth above, to the extent that the "statement" at issue is the allegations in the Amended Information, such statement is merely an allegation against, or involving, Miles, and does not impermissibly attribute any statements or admissions to him. Plaintiff does not cite to any other alleged actions by Judges Barrasse and Smith or the named prosecutors in support of his Objections asserting that these individuals are not entitled to immunity, and a review of the factual allegations set forth in the Complaint make clear that these defendants' actions were done within their judicial and prosecutorial capacities and are protected by judicial and prosecutorial immunity.

2